```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - -
                                 :
SIDNEY EARL SCOTT TAYLOR         :
                                 :
     vs.                         :     C.A. No. 09-06 S
                                 :
ASHBEL T. WALL, II               :
                                 :
- - - - - - - - - - - - - - - -
```

**MEMORANDUM AND ORDER**

William E. Smith, United States District Judge.

Petitioner Sidney Earl Scott Taylor has filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. This is the second § 2254 petition that Taylor has filed in this Court. For the reasons that follow, that motion must be dismissed.

I.   FACTUAL BACKGROUND AND CASE TRAVEL

Taylor was convicted in Rhode Island Superior Court of burglary, kidnapping, first degree child molestation, sexual assault, and obstruction of a police officer over two decades ago and cumulatively sentenced to more than sixty years imprisonment. During the trial the victim was permitted to testify via videotape rather than in the direct presence of Taylor. His conviction was upheld by the Rhode Island Supreme Court ("RISC") on July 17, 1989. State v. Taylor, 562 A.2d 445, 446 (R.I. 1989).

Taylor's application for post-conviction relief was denied by the Rhode Island Superior Court, and this denial was affirmed by

the RISC on April 30, 2003.  Taylor v. Wall, 821 A.2d 685 (R.I. 2003).[1]

On May 2, 2006, Taylor filed his first § 2254 petition in this Court.  See Taylor v. R.I. Dep't of Corrs., CA 06-204-S.  His sole ground of relief was that he should have been allowed to proceed without counsel at trial.  On August 4, 2006, Magistrate Judge Almond issued a Report and Recommendation (Doc. 5) recommending that the petition be dismissed as untimely.  See Taylor v. R.I. Dep't of Corrs., CA 06-204-S, 2006 WL 2521433 (D.R.I. Aug. 28, 2006).  Judge Almond found that, even excluding the periods when Taylor had an application for post-conviction relief pending in the state court, see 28 U.S.C. § 2244(d)(2), his habeas petition was filed well beyond the one-year limitations period.  Taylor, 2006 WL 2521433 at *3.  Judge Almond also noted that the petition was in any event without merit because the Rhode Island Supreme Court did not misapply "clearly established Federal law" under 28 U.S.C. § 2254(d)(1).  Id. at *2.

This Court accepted Judge Almond's Report and Recommendation on August 28, 2006, and dismissed Taylor's §2254 petition with prejudice.  See Order dated August 28, 2006 (Doc. 9), reported at Taylor, 2006 WL 2521433 at *1.  Taylor's request for a Certificate of Appealability was denied by the First Circuit on November 15,

---

[1] Taylor filed a second state court post-conviction application on January 7, 2004 but withdrew it on May 13, 2005.

2007.  See Taylor v. R.I. Dep't of Corrs., No. 07-1349 (1st Cir. Nov. 15, 2007).

More than two years later, on January 7, 2009,[2] Taylor filed the instant petition for habeas relief, raising seven claims.  The first four claims present a facial challenge to a Rhode Island State Statute, R.I. Gen. Laws § 11-37-13.2 (permitting a victim of child abuse to testify via videotape or closed circuit television rather than in the presence of defendant).  Taylor alleges that the statute violates: (1) the Confrontation Clause; (2) the right of criminal defendants to self-representation; (3) the Equal Protection Clause; and (4) the Due Process Clause. (Pet. at 13.)  Taylor also claims: (5) that the admission of an out-of-court confession violated his Due Process rights; (6) that his motion for a judgment of acquittal on his kidnapping charge was wrongfully denied; and (7) that his trial counsel provided ineffective assistance in violation of the Sixth Amendment.  Id.

The State has filed a Motion to Dismiss, arguing that the petition is a second or successive petition for which Taylor has not obtained circuit authorization to file, that the petition is

---

[2]  The petition appears to have been signed on December 31, 2008, but the difference in dates is inconsequential for the purpose of ruling on the present petition.

untimely, and in any event is without merit. Taylor filed a Response to that motion, and this matter is ready for decision.[3]

II. DISCUSSION

The instant petition must be dismissed on multiple grounds. It constitutes a second or successive petition and is untimely. Further, the claims raised therein are either unexhausted, without merit, or both.

    A. Second or Successive Petition

In view of Taylor's previous § 2254 habeas petition, which was dismissed by this Court in August 2006, see Taylor, 2006 WL 2521433, the instant petition unquestionably constitutes a second or successive petition which this Court does not have jurisdiction to consider, absent authorization from the Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A).[4] See Rodwell v. Pepe, 324 F.3d 66, 73 (1st Cir. 2003). Taylor's previous petition was dismissed with prejudice as untimely and lacking in merit, which operates as a determination on the merits. See Pavlovsky v. VanNatta, 431 F.3d

---

[3] Because Taylor's petition must be denied as a matter of law, no hearing is necessary in this matter.

[4] 28 U.S.C. § 2244(b)(3) provides in pertinent part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(3)(A). See also Rule 9 of the Rules Governing Section 2254 Cases in United States District Courts (same).

4

1063, 1064 (7th Cir. 2005) (dismissal of a suit as untimely is a dismissal on the merits).  See also Lebron-Rios v. U.S. Marshal Serv., 341 F.3d 7, 14 (1st Cir. 2003)(same).  Because Taylor has not obtained the necessary authorization from the Court of Appeals before filing the instant petition, this Court may not rule on it.

   B.   Timeliness

   Taylor's petition is also untimely.  As the State points out, this Court has already deemed Taylor's previous §2254 petition to be untimely, see Taylor, 2006 WL 2521433 at *3, and that determination was affirmed by the Court of Appeals.  Taylor, No. 07-1349 at *1.  The instant petition is likewise untimely.  Excluding the time periods when his state court applications for post-conviction relief were pending, it was still filed far more than one year after his conviction became final.  See 28 U.S.C. § 2244(d)(1)(A) (imposing a one-year statute of limitations for § 2254 petitions, running from the date that the conviction became final).

   Taylor has shown no circumstances that would render his petition timely under any other provision of § 2244(d)(1).  His attempt to show a State-created impediment by alleging that the State failed to make certain documents available to him (Pet. at 14) fails to reference any dates or identify even a single document to which he was denied access.  A bald assertion that a different limitations period of 28 U.S.C. § 2244(d)(1)(B) applies is

insufficient to warrant relief from the one-year statute of limitations set forth in that statute. Accordingly, Taylor's petition is time-barred under § 2244(d)(1).

    C.  Merits

In view of the foregoing discussion, this Court need not determine the merits of the claims asserted in Taylor's petition. In any event, the Court nonetheless notes that those claims would fail. Claim (2) -- concerning the alleged denial of Taylor's right to represent himself -- was previously rejected by this Court. See Taylor, 2006 WL 2521433 at *4-5. Claim (7), alleging ineffective assistance of trial counsel, is unexhausted. Taylor's remaining claims were addressed by the RISC, and that court's decision was not contrary to, or an unreasonable application of, Federal law. See § 2254(d)(1).

III. CONCLUSION

For all of the foregoing reasons, Taylor's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is hereby DISMISSED.[5]


<u>CERTIFICATE OF APPEALABILITY</u>


Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings in the United States District Courts (§ 2254 Rules),

---

[5] In view of this disposition, Taylor's request to have this matter held in abeyance pending an opportunity to exhaust his claims (Response at *3) is denied.

this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because the Petitioner has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2). Further, the correctness of this Court's procedural ruling would not be debatable among "jurists of reason." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

The Petitioner is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2254 Rule 11(a).

IT IS SO ORDERED:

/s/ William E. Smith
William E. Smith
United States District Judge
Date: June 18, 2010